UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:17-cv-1 |
| v. | ) |
| | ) |
| **ATWOOD RESTAURANTS, INC., a** | ) Judge: |
| **Michigan Corporation** | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. of the Law Offices of Owen Dunn, Jr. and Valerie Fatica of Fatica Law, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant, Atwood Restaurants, Inc., a Michigan Corporation, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Atwood Restaurant, Inc.'s place of public accommodation, a restaurant, A&W is located at 133 Cypress, Manistee MI in Manistee County. Plaintiff has patronized Defendant's business and its facilities previously as a place of public accommodation.

6. Upon information and belief, the restaurant and facilities owned and operated by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility as a restaurant, which constitutes a place of public accommodation, fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Mr. Foster is an avid adaptive sports enthusiast and participates regularly with the active Northwest Michigan adaptive sports community, including in local marathons, half marathons, hand cycle events, snow skiing and adaptive water skiing at the areas many lakes with the various local organizations and other enthusiasts in the community. Leland Foster frequents many establishments in the County of Manistee and has visited and been a customer at the Defendant's restaurant, A&W, a fast food establishment, which forms the basis of this lawsuit, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

9. On or about January 27, 2015, May 29, 2015, September 29, 2016, and on other occasions, Mr. Foster patronized the Defendant's restaurant, and while at Defendant's place of public accommodation, Mr. Foster encountered architectural barriers at the subject property that contravene the ADA and its regulations. These barriers to access have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services

available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the restaurant owned by Defendant has shown that many violations of the ADA exist, whose remedy is readily achievable. These violations include, but are not limited to:

Parking

   A. No designated Van accessible parking in violation of the ADA whose remedy is readily achievable.

   B. No aisles at accessible parking spaces that lead to accessible rout in violation of the ADA whose remedy is readily achievable.

   C. There is no signage marking designated accessible parking in violation of the ADA whose remedy is readily achievable.

Accessible Routes

   D. Insufficient latch-side clearance at the double door entry way in violation of the ADA whose remedy is readily achievable.

   E. Cracks and changes in level in excess of ¼ inches on accessible route in violation of the ADA whose remedy is readily achievable.

Restroom

    F. Restroom mirror mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

    G. No rear or side grab bars installed at the water closet in violation of the ADA whose remedy is readily achievable.

    H. No pipe insulation at lavatory to protect against contact and scalding in violation of the ADA whose remedy is readily achievable.

    I. Paper Towel dispenser mounted in excess of allowable reach range in violation of the ADA whose remedy is readily achievable.

    J. Door hardware required tight clasping or twisting in violation of the ADA whose remedy is readily achievable.

    K. Door lock hardware required tight clasping or twisting in violation of the ADA whose remedy is readily achievable.

    L. Garbage can impairs required cleared floor space for water closet in violation of the ADA whose remedy is readily achievable.

    M. Signage in Men's and Women's Rest rooms not mounted pursuant to code in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

    N. The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

15. The discriminatory violations described in Paragraph 14 by Defendant are not an exclusive list of the ADA violations at the place of public accommodation owned and operated by Defendant.  Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure *all* of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been

discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The facility at issue, as owned by Atwood Restaurants, Inc. dba A&W is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the

physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. Defendant Atwood Restaurants, Inc.'s restaurant A&W is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and applicable damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the

goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
Monroe, MI (734) 240-0848
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812) *
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
Email:  valeriefatica@gmail.com
*Admitted to practice in the Western District of Michigan